IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN WAYNE EALEY, #L5161                                    PETITIONER

versus                                    CIVIL ACTION NO. 5:08cv256-DCB-MTP

CHRISTOPHER EPPS, et al.                                    RESPONDENTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Motion to Dismiss Pursuant to § 2244(d) [10] filed by Respondents. Having considered the Motion and Response [12], along with documents made a part of the record of this case and applicable law, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

### FACTS AND PROCEDURAL HISTORY

Petitioner pled guilty to possession of a controlled substance in the Circuit Court of Adams County, Mississippi, and by Order filed March 11, 2003, was sentenced to a term of twenty years, with fifteen years to serve and five years post-release supervision, all in the custody of the Mississippi Department of Corrections. *See* Exh. A to Motion to Dismiss.

Petitioner filed the instant Petition for Writ of Habeas Corpus [1], at the earliest, on July 30, 2008.[1] Respondent contends that the petition was not timely filed and, therefore, it should be dismissed pursuant to 28 U.S.C. § 2244(d).

---

[1] Under the "mailbox rule," Ealey's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner's habeas petition was signed on July 30, 2008, but was not stamped "filed" until August 4, 2008. The court will give Petitioner the benefit of the doubt and assume that his petition was delivered to prison officials on the same day it was signed.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003).

Although direct appeals are statutorily prohibited when a defendant enters a guilty plea, the Mississippi Supreme Court has carved out an exception, allowing a defendant to appeal an illegal sentence as opposed to a guilty plea. *See* Miss. Code Ann. § 99-35-101; *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977). Thus, Petitioner could have appealed an alleged illegal sentence within thirty days of his Order of conviction.[2] *See id.*; *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, 2007 WL 1087485, at * 2 (S.D. Miss. Mar. 15, 2007). Accordingly, Petitioner's conviction became final, and the statute of limitations for federal habeas purposes began to run, at the latest, thirty (30) days after he was sentenced on his guilty plea: on April 10, 2003. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner had until April 12, 2004 to file his federal habeas petition.[3]

Ealey filed his petition, at the earliest, on July 30, 2008, more than four years after the statute of limitations expired. Thus, the petition is barred by the statute of limitations unless

---

[2] Petitioner did attempt to file a direct appeal on April 20, 2006; however, the Court of Appeals dismissed the appeal because it was not timely filed and because Petitioner had no statutory right to appeal from his guilty plea. *See* Exhs. I & K to Motion to Dismiss.

[3] As April 10, 2004 was a Saturday, Petitioner would have had until the following Monday, April 12, 2004, to file his habeas petition.

2

Petitioner is entitled to either statutory or equitable tolling. Whether statutory tolling occurred during the period between Ealey's judgment becoming final on April 10, 2003 and the filing of his habeas petition on July 30, 2008 is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. The state court records reflect that Petitioner did file several pleadings in state court attempting to seek post-conviction review of his plea and sentence; however, these were all filed *after* the federal habeas statute of limitations had expired and, therefore, they cannot toll the statute of limitations.[4] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has Petitioner established that he is entitled to equitable tolling. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). It is permitted only "in rare and exceptional circumstances." *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district

---

[4] Petitioner filed a Motion for Post-Conviction Relief in the Adams County Circuit Court on October 19, 2004, which was denied by Order filed September 23, 2005. *See* Exhs. D & E to Motion to Dismiss. Petitioner appealed, and on October 30, 2007, the Court of Appeals affirmed the denial in a written opinion. *Ealey v. Mississippi*, 967 So. 2d 685 (Miss. Ct. App. 2007) (Exh. F to Motion to Dismiss)Petitioner then filed a "Motion for Sentence Reconstruction" on April 17, 2008. *See* Exh. L to Motion to Dismiss. By Order filed May 29, 2008, which the Mississippi Supreme Court construed as a Petition for Post-Conviction Relief and dismissed as a successive writ under Miss. Code Ann. § 99-39-27. The court also found that notwithstanding the procedural bar, the Petition lacked merit. *See* Exh. M to Motion to Dismiss. Finally, as noted *supra*, Petitioner filed a Notice of Appeal of his conviction and sentence on April 20, 2006, which was dismissed by the Court of Appeals as untimely, and because Petitioner had no statutory right to appeal from his guilty plea. *See* Exhs. I & K to Motion to Dismiss.

court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Petitioner has set forth no facts whatsoever to attempt to justify the late filing of the instant habeas petition.

Accordingly, as petitioner's federal habeas petition was filed on July 30, 2008 - more than four years late - and as Petitioner has failed to establish that he is entitled to either statutory or equitable tolling, his habeas petition should be dismissed with prejudice.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondents' Motion to Dismiss [10] should be granted and that petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice. It is further the recommendation of this court that all other pending motions, if any, be dismissed as moot.

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 18th day of February, 2009.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge