**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

KEVIN WAYNE EALEY, #L5161                                      PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:08cv256-DCB-MTP

CHRISTOPHER EPPS, et al.                                      DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [docket entry no. 13] of the United States Magistrate Judge Michael T. Parker that this case be dismissed pursuant to 28 U.S.C. § 2244(d) because the plaintiff's Petition for Writ of Habeas Corpus was not timely filed. Having considered the Report and Recommendation and the plaintiff's objections thereto, having conducted a de novo review of those portions of the Report and Recommendation to which the plaintiff has objected in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On March 11, 2003, Ealey pled guilty to possession of a controlled substance in the Circuit Court of Adams County, Mississippi, and was sentenced to a term of twenty years, with fifteen years to serve and five years post-release supervision, all in the custody of the Mississippi Department of Corrections.

On July 30, 2008, Kevin Wayne Ealey ("Ealey") filed the

1

instant Writ of Habeas Corpus under 28 U.S.C. § 2254 against Christopher Epps, Commissioner of South Mississippi Correctional Facility [docket entry no. 1]. The additional defendants, who are other officials of the Facility, were joined on September 19, 2008 [docket entry no. 9]. The defendants filed a Motion to Dismiss Pursuant to § 2244(d) on October 7, 2008, alleging that the petition was not timely filed [docket entry no. 10].

The Antiterrorism and Effective Death Penalty Act (AEDPA) states that a person in custody who applies for a federal writ of habeas corpus must do so within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Mississippi law, under which Ealey was convicted, direct appeals are statutorily prohibited when a defendant enters a guilty plea, except for an appeal of an illegal sentence within thirty days of the Order of conviction, which Ealey did not pursue. Miss. Code Ann. § 99-35-101; <u>Trotter v. State</u>, 554 So. 2d 313, 315 (Miss. 1989). Accordingly, Ealey's conviction became final, and the one-year statute of limitations began to run, thirty days after he was sentenced on his guilty plea - April 10, 2003. Therefore, pursuant to § 2244(d)(1)(A), Ealey had until April 12, 2004, to file his federal habeas petition[1].

---

[1] As April 10, 2004, was a Saturday, Ealey would have had until the following Monday, April 12, 2004, to file his habeas petition.

Ealey filed his petition on July 30, 2008, more than four years after the statute of limitations expired. Unless Ealey is entitled to statutory or equitable tolling, the petition is barred by the statute of limitations. Statutory tolling is provided by § 2244(d)(2), which asserts that "[t]he time during which a properly filed application for State post-conviction or other collateral review...is pending shall not be counted toward" the period of limitation. Ealey did file several pleadings in state court attempting to seek post-conviction review of his plea and sentence; however, these were filed after the federal habeas statute of limitations had expired, and they cannot thereby toll the statute of limitations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is proper only in "rare and exceptional circumstances." Id. (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)). The Fifth Circuit has explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). As the Magistrate Judge indicated, Ealey has not offered any facts or attempted in any way to justify the late filing of his habeas petition. Accordingly, Ealey is not entitled to either statutory or equitable tolling, and his petition is therefore barred by the statute of limitations pursuant to §

2244(d)(1)(A).

Ealey's Motion for Authorization Order [docket entry no. 14] to re-enter the Federal District Court pursuant to § 2244(b)(3) [docket entry no. 14] is misplaced, as this is only his first federal writ of habeas corpus; § 2244(b)(3) applies to a second or successive habeas corpus application.

After a de novo review of the portions of the Report and Recommendation to which the plaintiff has objected, the Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.  Therefore, the plaintiff's case is dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 13] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Authorization Order [docket entry no. 14], which the Court construes as his Objection to the Magistrate Judge's Report and Recommendation, is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's claims against the defendant are **DISMISSED WITH PREJUDICE.**

**SO ORDERED**, this the 22nd day of July 2009.

                                              s/ David Bramlette
                                         **UNITED STATES DISTRICT JUDGE**